# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3393

_____

| | | |
|---|---|---|
| James Widtfeldt, doing business as James Widtfeldt Revocable Trust, | * * * | |
| Appellant, | * * | |
| v. | * * | |
| United States of America, acting by and through: United States Department of Agriculture; The Farm Service Agency; Ann M. Veneman, or her successor, acting in her official capacity as Secretary of the United States Department of Agriculture; Monte Fletcher, acting in his official capacity as Farm Service Agency Executive Director, Holt County, the State of Nebraska, | * * * * * * * * * * * * | Appeal from the United States District Court for the District of Nebraska.  [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: May 9, 2005
Filed: May 19, 2005

_____

Before BENTON, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Attorney James Widtfeldt brought this action seeking review of a decision of the United States Department of Agriculture. After Widtfeldt failed to timely file his brief as the district court[*] had ordered, the court dismissed the case with prejudice for failure to comply. Widtfeldt moved to reopen arguing he had asked for hard copies of the court's orders, his computer was infected with a virus, and he was unable to obtain the court's electronic notices due to computer difficulties. The district court denied the motion to reopen. Judge Kopf specifically stated:

> In his motion, Widtfeldt asserts that "[i]n the original filing, [he] believed he had requested service by hard copy, or by mail, of all paperwork, in preference to electronic mail service, and no service of the court orders giving dates were [sic] received by hard copy." (Filing 21). The motion further represents that Widtfeldt has experienced problems with his internet service provider and did not receive electronic notice of the court's order.

(APP 68). Judge Kopf found:

> Although Widtfeldt appeared pro se in this matter, he is an attorney licensed to practice law in Nebraska. Records maintained by the Clerk of the court show that Widtfeldt registered for the court's electronic case filing system on March 25, 2004, shortly before the complaint in this action was filed. Registration by an attorney constitutes "consent to receive notice electronically and waiver of the right to receive notice by first class mail," and an agreement by the attorney to abide by the court's rules and regulations for electronic filing. (Electronic Case Filing System Attorney Registration Form at ¶¶ 5, 7 (available on the court's website, www.ned.uscourts.gov)). Thus, even if the complaint had requested that Widtfeldt receive paper copies of filings (and it did not), by registering for electronic filing Widtfeldt waived the right to receive notice by paper copies.

---

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

The electronic records of the court show that only one electronic notice sent to Widtfeldt was returned as undeliverable, and that this notice was successfully resent electronically to the address Widtfeldt specified when registering for electronic filing. (Filing 13.) That email address is the same address listed for Widtfeldt in the current directory of the Nebraska State Bar Association. Despite Widtfeldt's awareness that he had problems with the email account he specified for receipt of electronic notice, records maintained by the Clerk of the court show that Widtfeldt has never logged on to the court's electronic filing system-which would have permitted him to monitor the status of his case.

(APP 68-69).

Widtfeldt appeals asserting the district court abused its discretion in denying his motion to reopen and in dismissing his appeal. Having carefully reviewed the record, the briefs, and the applicable law, we disagree. The record shows Widtfeldt requested electronic notices and the clerk's records show the notices were successfully transmitted to Widtfeldt. Further, despite Widtfeldt's alleged problems with his electronic mail account, Widtfeldt never logged on to the court's electronic filing system, which would have permitted him to monitor the status of his case. Last, Widtfeldt's claims of computer difficulties are refuted by the fact that on the day the district court electronically transmitted the order dismissing the action, Widtfeldt was online communicating with the clerk's office. Accordingly, we affirm the district court. See 8th Cir. R. 47B.

_____